UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:25-CV-1136-D

TAMER K. ABU SHAMLA,

    Plaintiff,

v.

ANGELICA ALFONSO-ROYALS,
*Acting Director, U.S. Citizenship and
Immigration Services*, et al.,

    Defendants.

MEMORANDUM AND RECOMMENDATION

This matter is before the court on Plaintiff's application to proceed *in forma pauperis* and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). [DE-1, -2]. For the reasons that follow, it is recommended that the case be dismissed and the application to proceed *in forma pauperis* be denied as moot.

**I.    Standard of Review**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss an action if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an

arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

In the present case, Plaintiff is proceeding *pro se*, and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.  Discussion

The allegations of the complaint are as follows. Plaintiff, a native Palestinian, was born in the West Bank in 1982 and came to the United States in 2018 on a B-1 nonimmigrant visitor's visa. Compl. [DE-1-1] at 5. He was granted asylum on May 30, 2024, and filed an application to adjust his status seeking permanent residency (Form I-485) on January 16, 2025. *Id.* On March 26, 2025, the Department of Homeland Security paused processing for green card applications in order to conduct extra vetting and verification. *Id.* Plaintiff alleges that the processing pause has unreasonably delayed the adjudication of his application and will "significantly affect his ability to pursue opportunities for professional advancement including working toward the PhD degree, [and the] uncertain immigration status has interfered with his ability to gain the professional and personal stability he deserved and for which he has worked so hard." *Id.* at 6. Plaintiff also alleges that his ability to travel outside the United States has been restricted because he must renew his

2

Refugee Travel Document annually prior to traveling abroad while his immigration status remains pending. *Id.* at 7. Plaintiff seeks a writ of mandamus to compel Defendants Kristi Noem, Secretary, U.S. Department of Homeland Security; Angelica Alfonso-Royals, Acting Director, U.S. Citizenship and Immigration Services ("USCIS"); and the Director of USCIS, Texas Service Center to adjudicate his I-485 application without delay, and also asks the court to award legal fees and costs. *Id.* at 7–9.

A writ of mandamus is a "drastic remedy," and a "party seeking mandamus must show 'that its right to issuance of the writ is clear and indisputable.'" *Ali v. United States Dep't of State*, 676 F. Supp. 3d 460, 469 (E.D.N.C. 2023) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)). "To show entitlement to mandamus, plaintiffs must demonstrate (1) a clear and indisputable right to relief, (2) that the government agency or official is violating a <u>clear duty to act</u>, and (3) that no adequate alternative remedy exists." *Id.* (quoting *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016)) (emphasis added). "These three threshold requirements are jurisdictional; unless all are met, a court must dismiss the case for lack of jurisdiction." *Id.* (quoting *Am. Hosp. Ass'n*, 812 F.3d at 189).

The Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101, *et seq.*, provides that "no court shall have jurisdiction to review . . . any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ." 8 U.S.C. § 1252(a)(2)(B)(ii). The adjustment of status Plaintiff seeks through his I-485 application is one such discretionary decision. *Id.* at 1255(a); *Kotolupova v. Garland*, No. 5:24-CV-198-BO-BM, 2024 WL 4547007, at *2 (E.D.N.C. Oct. 22, 2024) (citing *Zhang v. Chertoff*, 491 F. Supp. 2d 590, 591–92 (W.D. Va. 2007)). The question here is whether the pace at which adjustment decisions

3

are made is also a discretionary decision.

The Fourth Circuit Court of Appeals recently rejected a plaintiff's challenge to the USCIS's adjudication hold policy, which held adjustment of status applications in abeyance, because it was "a (1) 'decision or action' that is (2) 'committed to the discretion of the Attorney General of Secretary of Homeland Security,'" and was, thus, unreviewable by federal courts. *Kale v. Alfonso-Royals*, 139 F.4th 329, 335–36 (4th Cir. 2025). The court in *Kale* affirmed the district court's dismissal of the plaintiff's challenge to the speed with which the USCIS adjudicated adjustment of status applications because the court lacked jurisdiction under the INA. *Id.*; *Kale v. Jaddou*, No. 5:22-CV-338-FL, 2023 WL 4939367, at *4 (E.D.N.C. Aug. 2, 2023); *see also Kotolupova*, 2024 WL 4547007, at *2 ("[T]he pace at which USCIS is adjudicating plaintiff's Form I-485 falls within the confines of a discretionary agency action; one which this Court is jurisdictionally barred from reviewing under § 1252(a)(2)(B)(ii).") (citing *Safadi v. Howard*, 466 F. Supp. 2d 696, 699 (E.D. Va. 2006)). Likewise, here, because the pace of action on Plaintiff's I-485 application is considered a discretionary decision, judicial review, and in turn mandamus relief, are unavailable. *See Kotolupova*, 2024 WL 4547007, at *2 ("it is well-understood that 'mandamus cannot be used to compel the performance of discretionary duties of federal government officers'" and the plaintiff "cannot use the Mandamus Act to establish this Court's jurisdiction over her complaint against the agency and its speed in which it is adjudicating plaintiff's Form I-485.") (first quoting *Garcia v. United States Att'y Gen.*, No. 8:23-CV-3501-JFA-JDA, 2023 WL 7224436, at *2 (D.S.C. Aug. 1, 2023), *adopted by* 2023 WL 6619424 (D.S.C. Oct. 11, 2023), then citing *Gonzalez v. Cuccinelli*, 985 F.3d 357, 366 (4th Cir. 2021) ("[W]here an agency is not required to do something, we cannot compel the agency to act—let alone to act faster.")). Accordingly, it is recommended that Plaintiff's complaint be dismissed.

### III. Conclusion

For the reasons stated herein, it is recommended that the complaint be dismissed and the application to proceed *in forma pauperis* be denied as moot.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Defendant. You shall have until **July 21, 2025** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

This the **7** day of July, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge